321 So.2d 800 (1975)
Kathleen Wyllie, wife of/and A. Christian CABONI and Discovery School, Inc.
v.
CITY OF NEW ORLEANS.
No. 7073.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Robert E. Winn and Chris A. Verret of Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, for Kathleen Wyllie, wife of/and A. Christian Caboni and Discovery School, Inc., plaintiffs-appellants.
Joseph E. Berrigan, Jr., Asst. City Atty., for The City of New Orleans, defendant-appellee.
Before STOULIG, BOUTALL and BEER, JJ.
BOUTALL, Judge.
The plaintiffs, Kathleen and August Caboni and Discovery School, Inc., instituted this suit against the City of New Orleans after their application for a zoning variance was denied by the Board of Zoning Adjustments. The district court sustained the findings of the Board and plaintiffs have appealed. We affirm. The issue, presented for the first time on appeal, is whether the Board of Zoning Adjustments considered the wrong section of the Comprehensive Zoning Ordinance in denying plaintiffs' application for a variance.
The salient facts are not in dispute. Mr. and Mrs. Caboni operate Discovery *801 School, Inc. The school is situated on an average city-sized lot containing a three story building. The house and lot are in a residential neighborhood of New Orleans, zoned RD-2 (Two Family Residential). The school has 52 students ranging in age from 2 years, 8 months, to 9 years old. Mr. and Mrs. Carboni applied for a nonresidential use variance. In their application to the Department of Safety and Permits they asked that they be permitted to operate a school in an RD-2 zoning area and specifically that they be exempted from the following requirements for schools in RD-2 areas: Area size of two acres or one square, whichever is less; sufficient off street parking.
A full hearing was held at which plaintiffs presented their side of the case and adjoining landowners testified. The Board members visited the site and denied the variance for the following reasons: The variances would cause gross overdevelopment of the site; the lot area is not sufficient for the recreation of 52 children; the off street parking is inadequate, due in large measure to an already bad parking situation in the area.
We find the Board's reasons for the denial of the variance to be sound. We cannot say that the Board has abused its discretion in any way or that it acted in an arbitrary or capricious manner. Paternostro v. Parish of Jefferson, 289 So.2d 327 (La.App.4th Cir. 1973).
Plaintiffs' contention is that the Board of Zoning Adjustments and the district court considered the wrong part of the applicable section of the Zoning Ordinance. The section in controversy is Article 5, § 6[1]. Plaintiffs contend that only a portion of Sec. 6, namely the provisions of subsections "a.e." apply, since Discovery School, Inc. is a child care center in conjunction with a private elementary school.
Defendant meets this contention with two arguments; first, plaintiffs have never indicated that they considered Discovery School, Inc. to be a child care center of any kind until this appeal. Secondly, section 6 must be read and applied as a single set of regulations and not as two separate ones, as plaintiffs contend.
The record in this case shows conclusively that plaintiffs and defendant at all times considered Discovery School, Inc. to be a school and not any sort of child care center. The application for the variance states that plaintiffs wish to maintain an *802 "existing school". The Board of Adjustment, at the hearing, recognized the possibility that perhaps Discovery School, Inc. was a child care center and plaintiffs responded:
"Mr. Ferran: Would you think that in the strict definition of a school that what you're doing applies or would it be more child care center?
"Kathleen Caboni: We are definitely an academic institution and not a day care center."
Plaintiffs filed a rebuttal to the decision of the Board in which they again reiterated that Discovery School, Inc. was not a child care center. When this case reached the district court plaintiffs amended their original petition to strike out an inadvertent reference to a day care center and replaced it with a reference to ". . . . a preschool, kindergarten and elementary school.. . . ."
The evidence is overwhelming that the issue which was before the Board and the District Court was a zoning variance for a school and not a child care center in conjunction with a school. That issue was properly resolved and the variances requested were denied. Plaintiffs may not, in effect, change their application for a zoning variance to an application for variance based on a different use than the one applied for and considered by the Board. The scope of our review is limited to the correctness of the Board's action on the application before it. If the plaintiffs desire to have a variance based of the use as they now claim it should be, then they must apply again for the variance to the Department of Safety and Permits.
We affirm the judgment appealed from and, for the above reasons, we do not reach the issue of the interpretation of the Zoning Ordinance section of which appellant complains. Appellant is to pay all the costs of this appeal.
Affirmed.
NOTES
[1] 6. "Public elementary schools or private elementary schools having the curriculum essentially the same as ordinarily given in public elementary schools, including kindergartens, provided they are located on a site having a minimum of two acres or one square, whichever is the lesser, and provided further that the following requirements shall be observed: Appropriate setbacks shall be provided for all public and private elementary school structures (exclusive of play equipment) of not less than 50 feet where the side yard line abuts a residential district and not less than 25 feet from all lot lines abutting streets, canals, or open public spaces, and provided further that:

"For Child Care Centers in conjunction with a Public or Private Elementary School that:
"a. There shall be a building or structure within which a minimum of 35 square feet per child of useable, available play or instruction space shall be provided.
"b. There shall be minimum of 35 square feet per child of useable, available outdoor play or instruction area on the lot or property, provided that no portion of such play or instruction area shall be located within the required front yard of the lot or property.
"c. Outdoor play or instruction area shall be enclosed by a fence no less than three feet in height.
"d. Additionally, a landscaped hedge shall be provided along any rear or side property line adjoining any residentially zoned property not used for a similar purpose. Any such hedge shall be designed and planted as to be at least five feet in height and 80 per cent or more opaque when viewed horizontally.
"e. There shall be provided a minimum of one off-street parking space, or one off-street parking space for each 350 square feet of indoor play or instruction space whichever is the greater."